UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HATCHER, aka ROBERT L. JACKSON, Booking #17182375,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CASEY MONAHAN,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:18-cv-00492-CAB-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS [ECF Nos. 5, 8]**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & § 1915A; AND**<br><br>**3) DENYING MOTIONS FOR EARLY NEUTRAL EVALUATION CONFERENCE AS MOOT [ECF Nos. 4, 11]** |

　　　　ROBERT HATCHER ("Plaintiff"), currently detained at the San Diego Central Jail ("SDCJ"), identifying himself as a Blackfoot Indian, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $400 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a), instead has

1

he filed two Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF Nos. 5, 8. In addition, Plaintiff has filed two "Motions for Early Neutral Evaluation Conference." *See* ECF Nos. 4, 11.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States must satisfy a filing fee requirement. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, even if he is granted leave to proceed IFP he remains obligated to pay the full entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20 percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner collects subsequent payments, assessed at 20 percent of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee for this action, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motions, Plaintiff has submitted his inmate trust account statement and activity for the six-month period prior to the filing of his Complaint as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. This certificate shows that Plaintiff has no available funds to his credit at the time of filing. Therefore, the Court **GRANTS** Plaintiff's Motions to Proceed IFP (ECF Nos. 5, 8), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") However, the entire $350 balance for this case must be forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening of Complaint pursuant to 28 U.S.C. § 1915(e)(2) & 1915A

Because Plaintiff is a currently detained and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

3

3:18-cv-00492-CAB-KSC

F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

### 1. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

### 2. Rule 8

As an initial matter, the Court finds that Plaintiff's Complaint fails to comply with Rule 8. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2). In addition, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff's Complaint is nearly devoid of any factual allegations.

### 3. Excessive force claims

As stated above, Plaintiff's Complaint contains virtually no specific factual allegations. However, based on the documents attached to his Complaint, it appears that Plaintiff is alleging that Defendant Monahan, purportedly a police officer for the City of

Carlsbad, applied handcuffs to Plaintiff which he claims were "too tight." (Compl. at 2.) It is not clear if Plaintiff is alleging that this happened during the course of his arrest or after he was detained.

"A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's 'reasonableness standard.'" *Plumhoff v. Rickard*, -__ U.S. __, 134 S.Ct. 2012, 2020 (2014) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The reasonableness of the use of force "must be judged from the perspective of a reasonable officer on the scene," and the inquiry is objective, asking "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 396-97. "[O]verly tight application of handcuffs can, depending on the circumstances, constitute a violation of the Fourth Amendment." *Santos v. Gates*, 287 F.3d 846, 854 (citing *Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993)). However, Plaintiff has not alleged the facts and circumstances confronting Defendant Monahan before, during or after his arrest that would demonstrate his actions were "objectively [un]reasonable in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 394. Although the Court must liberally construe the Complaint, it may not, in doing so, "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Because Plaintiff is proceeding without counsel, and the Court has now provided him "notice of the deficiencies in his complaint," it will grant him an opportunity to amend the Complaint in order to cure these pleading defects. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III. Conclusion and Order

Based on the forgoing, the Court:

1. **GRANTS** Plaintiff's Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 5, 8).

///

2. **DIRECTS** the Watch Commander for the San Diego Central Jail, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

5. **DENIES** Plaintiff's Motions for Early Neutral Evaluation Conference as moot. (ECF Nos. 4, 11.)

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

6. **DIRECTS** the Clerk of Court to mail to Plaintiff, together with this Order, a blank copy of the Court's form "Complaint under the Civil Rights Act, 42 U.S.C. § 1983" for his use in amending.

**IT IS SO ORDERED**.

Dated: April 5, 2018

Hon. Cathy Ann Bencivengo
United States District Judge